**Hossin Z. MOHAMMAD, Petitioner**

v.

**ATTORNEY GENERAL OF
the UNITED STATES,
Respondent.**

No. 08–3811.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
L.A.R. 34.1(a) Dec. 15, 2009.

Filed: Jan. 29, 2010.

Nicholas J. Mundy, Esq., Brooklyn, NY, for Petitioner.

Sharon M. Clay, Esq., Jeffrey L. Menkin, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SLOVITER, JORDAN and WEIS, Circuit Judges.

## OPINION

WEIS, Circuit Judge.

Hosin Z. Mohammad, a citizen of Bangladesh, illegally entered the United States in January 2008. He conceded removability, but applied for political asylum, withholding of removal, and relief under the Convention Against Torture. An Immigration Judge denied Mohammad's applications and ordered that he be removed from the country. The BIA affirmed, and Mohammad timely petitioned for review.[1] We will deny the petition.

Mohammad contends that he was erroneously denied asylum because it was wrongly concluded that he had not suffered past persecution. He also argues that both the IJ and BIA incorrectly determined that his alleged well-founded fear of future persecution had been rebutted.

The IJ received evidence that the Bangladesh Nationalist Party ("BNP") controlled the Bangladesh government until October 2006. At that time power was transferred to a caretaker regime, which has, among other things, arrested the leaders of both the BNP and the Awami League, Bangladesh's two main political parties.

Mohammad testified that he was a member of the BNP and, in late October 2006 and after the caretaker government had assumed power, was attacked at a political meeting by members of the Awami League. He sustained injuries to his wrist and hands. After recovering, Mohammad continued his political activities on behalf of the BNP despite threatening phone calls from Awami League members.

In February 2007, Mohammad traveled to Tongi, another town in Bangladesh, to escape the Awami League threats and the police. In March 2007, he went to India and stayed there for three months before returning to Bangladesh, where he resided unmolested until coming to the United States. He now claims that he will be killed by the Awami League if returned to Bangladesh.

The IJ concluded that Mohammad had not met the requirements for asylum because he had failed to demonstrate past persecution. *See* 8 C.F.R. § 1208.13 (discussing asylum eligibility). The evidence did not reveal either that the police abused him or that the Awami League's members who attacked and threatened him were members of the government, sanctioned by the government, or acted with impunity. *See Mulanga v. Ashcroft*, 349 F.3d 123,

---

1. We have jurisdiction to review final orders of removal pursuant to 8 U.S.C. § 1252(a)(1).

132 (3d Cir.2003) (applicant must show that past persecution "[wa]s committed either by the government or by forces that the government [wa]s either unable or unwilling to control").

In addition, the IJ found that the evidence did not support a finding of an objective fear of future persecution because Mohammad was able to leave and return to Bangladesh, as well as live and travel around the country for months after the attack, without a problem. *See id.* (if past persecution is not shown, an applicant may still be eligible for asylum if he has "a well-founded fear of future persecution by showing that [ ]he has a genuine fear, and that a reasonable person in h[is] circumstances would fear persecution if returned to h[is] native country" (quoting *Abdulrahman v. Ashcroft,* 330 F.3d 587, 592 (3d Cir.2003))).

The BIA concluded that, even if Mohammad had shown past persecution, the government had rebutted any claim to a well-founded fear of future persecution because the current conditions in Bangladesh make it unlikely that the Awami League could act with impunity. In addition, Mohammad was able to relocate to another town without difficulty. *See* 8 C.F.R. § 1208.13(b)(1)(i)(A)–(B).

 We find no reversible error in the decisions of the IJ and BIA. *See Leia v. Ashcroft,* 393 F.3d 427, 433 n. 5 (3d Cir. 2005) (we review both the IJ's and BIA's decisions when the BIA affirms the IJ, but "also set[s] forth somewhat its own rationale and analysis"). Substantial evidence supports the order of removal, and nothing in the record compels a contrary finding. *See Lukwago v. Ashcroft,* 329 F.3d 157, 167 (3d Cir.2003) (conclusions on past persecution and well-founded fear of future persecution are factual findings that "must be upheld 'unless the evidence not only supports a contrary conclusion, but compels it' " (quoting *Abdille v. Ashcroft,* 242 F.3d 477, 483–84 (3d Cir.2001))).

Mohammad also argues that he should have been granted withholding of removal and relief under the Convention Against Torture. However, because Mohammad did not satisfy the requirements for asylum, he cannot meet those for withholding of removal. *See Mulanga,* 349 F.3d at 132 (an alien who fails to demonstrate well-founded fear of future persecution for purposes of asylum cannot overcome standard for withholding of removal). Nor has he demonstrated eligibility for protection pursuant to the Convention Against Torture by showing that, upon his return to Bangladesh, he is likely to suffer "severe pain and suffering" inflicted "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Sevoian v. Ashcroft,* 290 F.3d 166, 175 (3d Cir.2002) (citing 8 C.F.R. § 208.18(a)(1)).

Accordingly, the petition for review will be denied.